# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ANGELA AYALA-MARTINEZ

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

**Civil No. 13-1236 (SEC)**

## MEMORANDUM AND ORDER

Before the Court are the petitioner's motion under 28 U.S.C. § 2255, Docket # 1, and the respondent's opposition thereto. Docket # 4. After reviewing the filings and the applicable law, the petitioner's § 2255 motion is **DENIED**.

**Background**

On December 18, 1998, after a 40-day jury trial, Angela Ayala Martínez (Ayala), a major supplier to various drug distribution points at housing projects in southwest Puerto Rico, was found guilty of conspiracy to possess and distribute illegal drugs in violation of 21 U.S.C. §§ 841(a)(1) & 846 and conspiracy to engage in illegal financial transactions involving the drug proceeds in contravention of 18 U.S.C. §§ 1956(a)(1) & 1957. See United States v. Martinez-Medina, 279 F.3d 105, 111 (1st Cir. 2002). She was subsequently sentenced to life imprisonment. Id. at 112.

The judgment of conviction, and her sentence, were affirmed on appeal. Id. at 127. Ayala never filed a petition for certiorari contesting the First Circuit's affirmation of her conviction (the appellate judgment appears docketed on March 19, 2002); her conviction became final on June 17, 2002, so she had until June 17, 2003 to file a § 2255 petition. See generally Clay v. United States, 537 U.S. 522 (2003) (holding that "for federal criminal defendants who do not

**Civil No. 13-1236 (SEC)** **Page 2**

file a petition for certiorari with th[e] [Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").

Almost 10 years later, on March 11, 2013, Ayala filed the present § 2255 motion, invoking the Supreme Court's recent decision in Missouri v. Frye, 132 S.Ct. 1399 (2012), which involved a counsel's failure to communicate a plea offer for a lower sentence than the defendant actually received after pleading guilty, and its companion case, Lafler v. Cooper, 132 S.Ct. 1376 (2012), which applied the Sixth Amendment right to effective assistance of counsel to the plea-bargaining context. In a nutshell, she musters an ineffective-assistance-of-counsel claim, faulting her counsel for allegedly misinforming her about a supposed plea agreement. See Docket # 1, p. 3.

The government opposed, positing that Ayala's § 2255 motion is tardy, and that neither Frye nor Cooper announced a new rule of constitutional law. Docket # 4, p. 4.

**Discussion**

This matter requires little discussion. A well-trodden rule dictates that a collateral attack, such as the one Ayala mounts here, is timely if filed within one year from the date on which the judgment became final. See, e.g., Capozzi v. United States, 768 F.3d 32 (1st Cir. 2014) (per curiam) (citing 28 U.S.C. § 2255(f)(1)); Trapp v. Spencer, 479 F.3d 53, 58 (1st Cir. 2007) (quoting 28 U.S.C. § 2244(d)(1)(A)). Ayala took almost 10 years.

But § 2255(f)(3) resets the clock when a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And although Ayala's § 2255 petition was filed within one year from Frye and Cooper, see Turner v. United States, 699 F.3d 578, 586 (1st Cir. 2012) ("a § 2255 petition must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court . . . .'") (citation omitted), neither case "established a 'new rule of constitutional law.'" Pagan-San Miguel v. United States, 736 F.3d 44, 45 (1st Cir. 2013) (quoting In re Liddell, 722 F.3d 737,

**Civil No. 13-1236 (SEC)**                                                                                           Page 3

738 (6th Cir. 2013)); see also, e.g., United States v. Sheridan, 561 Fed.Appx. 689, 691 (10th Cir.2014) (disavowing reliance on Frye and Cooper to obtain tolling under § 2255(f)(3)); Perez-Mejias v. United States, No. 12-1462, 2013 WL 5882281, at *3 (D.P.R. Oct. 30, 2013) (same). The premise of Ayala's argument thus fails at the starting gate.

In sum, because neither Frye nor Cooper recognized a new right, § 2255(f)(3) does not carry the day for Ayala. So her § 2255 petition is, without serious question, untimely.

There is one loose end to tie up. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant." To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). For the reasons just given, this decision is neither wrong nor debatable, because "[n]o reasonable jurist would debate the . . . determination that Frye and Lafler did not announce a new constitutional right that would extend the limitations period under § 2255(f)(3)." United States v. Crisp, 573 F. App'x 706, 709 (10th Cir. 2014). The petitioner's COA is therefore denied.

**Conclusion**

For the reasons stated, Ayala's § 2255 petition is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of December, 2014.

                                                          s/ *Salvador E. Casellas*
                                                          SALVADOR E. CASELLAS
                                                          U.S. Senior District Judge